## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| ESTATE OF RUTH TURNER, by and through MONIQUE TURNER, Executor *de son Tort*, | **CIVIL ACTION FILE NO:** 8:21-cv-00719 |
| Plaintiff, | |
| v. | **Removed from the State Court of Hillsborough County, Florida** |
| THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC, | **Civil Action File Number 21-CA-001164** |
| Defendant. | |

_____

### NOTICE OF REMOVAL
_____

**COMES NOW**, THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC (hereinafter referred to as "Defendant"), by and through undersigned counsel, and hereby gives notice of the removal of the above-captioned case from the State Court of Hillsborough County, to the United States District Court for the Middle District of Florida, Tampa Division, reserving all defenses and all objections to venue based on 42

U.S.C.A. § 247d-6d(e)(1), pursuant to 28 U.S.C.A. §§ 1441 and 1446, on the following grounds:

## I.      STATEMENT OF THE CASE

1.     Plaintiff commenced this action by filing a complaint (the "Complaint") on February 24, 2021, in the State Court of Hillsborough County, Florida, Civil Case Number 21-CA-001164 (the "State Court Action").   A true and correct copy of all pleadings and process in Defendant's possession (including the Summons and Complaint) are attached hereto as Composite Exhibit "A".

2.     The Complaint asserts negligence and wrongful death causes of action arising from the residency of Plaintiff's decedent at The Bristol at Tampa Rehabilitation and Nursing Center (the "Facility"), relative in part to Defendant's administration and/or use of facemasks and other personal protective equipment, as well as other measures taken to prevent or mitigate the spread of COVID-19. (Compl. ¶¶ 13, 20).

3.     Under 28 U.S.C.A. § 1446(b), this Notice of Removal must be filed within 30 days of receiving the Complaint.   Because Defendant received service of the Complaint on March 5, 2021, this Notice of Removal is timely.

## II.     PROCEDURAL REQUIREMENTS HAVE BEEN MET

4.      Concurrent with the filing of this Notice, Defendant is serving this Notice of Removal on all other parties pursuant to 28 U.S.C.A. § 1446(d).

5.      The United States District Court for the Middle District of Florida, Tampa Division, embraces Hillsborough County, the county in which the State Court Action is now pending. Venue is therefore proper for this Notice of Removal under 28 U.S.C.A. §§ 90(a)(2) and 1446(a).

### III.    ARGUMENT AND CITATION TO AUTHORITY

### Federal Question Jurisdiction Under 28 U.S.C.A. § 1441(a)

6.      This case is removable under 28 U.S.C.A. § 1441(a) on the basis of "original jurisdiction" because Plaintiff's Complaint asserts a claim "arising under" federal law within the meaning of § 1331.

7.      On its face, the allegations contained in the Complaint reflect that a "covered person" was involved in a "recommended activity" relative to a "covered countermeasure" and therefore presents a Federal Question under the Public Readiness and Emergency Preparedness Act (PREP Act), 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020).

8.      As such, Congress provided an exclusive remedy for the substance of the allegations and relief sought in the Complaint and Federal law expressly pre-empts state law for purposes of federal question

jurisdiction.  *See* Public Readiness and Emergency Preparedness Act (PREP Act), 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020).

9.     The issue of whether federal question jurisdiction exists when a Complaint attempts to only assert a claim in state law is addressed in *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1 (2003).  The Supreme Court explained:

> [A] state claim may be removed to federal court … when a federal statute wholly displaces the state-law cause of action through **complete pre-emption**. When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.

*Id.* at 8.

10.    The Supreme Court in *Beneficial National Bank* further noted that in the categories of cases "where this Court has found complete pre-emption … the federal statutes at issue **provided the exclusive cause of action** for the claim asserted and also **set forth procedures and remedies governing that cause of action**.

*Id.* (emphasis supplied; internal citations and footnotes omitted).

11.    In *Beneficial National Bank*, the plaintiff brought an action for usury under state  law, which was preempted by the usury provisions of the National Bank Act (12 U.S.C.A. §§ 85 and 86).  The Court held that the

usury provisions under §§ 85 and 86 collectively "supersede both the substantive and the remedial provisions of state usury laws and create a federal remedy for overcharges that is exclusive." *Beneficial Nat. Bank, supra,* at 11. Therefore, the court held that federal question was proper under the "complete preemption" doctrine. *See id.*

12. Thus, Circuit Courts and District Courts have subsequently found "complete preemption" where a federal statute expressly preempts state law and creates an exclusive federal remedy for preempted state claims. *See, e.g., In re WTC Disaster Site*, 414 F3d 352, 380 (2d Cir. 2005); *Spear Marketing, Inc. v. BancorpSouth Bank*, 791 F.3d 586 (5th Cir. 2015); *Nott v. Aetna U.S. Healthcare, Inc.*, 303 F.Supp.2d 565 (E.D.Pa. 2004).

13. As set forth below, Plaintiff's tort claims are completely preempted by the PREP Act found at 42 U.S.C.A. §§ 247d-6d and 247d-6e.

14. Under 42 U.S.C.A. § 247d-6d(a), a "covered person" is afforded broad immunity for all "claims for loss arising out of, relating to, or resulting from" the "administration" or "use" of a "covered countermeasure" as those terms are defined by that section, provided the Secretary of the Department of Health and Human Services (HHS) issues a declaration to that effect.

15. For all claims barred by immunity under 42 U.S.C.A. § 247d-6d that do not assert "willful misconduct," the exclusive remedy for relief is established under § 247d-6e, which permits an individual may make a claim for a "covered injury directly caused by the administration or use of a covered countermeasure."  In fact, and for purposes of illustrating Congress's intent to address all claims, even a claimant alleging "willful misconduct" must first apply for benefits under § 247d-6e before bringing an action under § 247d-6d(d).  *Id*. § 247d-6e(d)(1).

16. Moreover, under 42 U.S.C.A. § 247d-6d(b)(8), state law that "is different from, or in conflict with, any requirement applicable [for immunity]" is expressly preempted.

17. Therefore, Congress has clearly manifested the intent to preempt state law with respect to claims that invoke PREP Act immunity and to create an exclusive federal remedy for such preempted claims, thereby "completely preempting" state law for purposes of federal question jurisdiction.

18. Importantly, on December 3, 2020, the Secretary of the Department of Health and Human Services ("HHS") issued a Fourth Amendment ("Amendment") to the Declaration under the PREP Act for Medical

Countermeasures Against COVID-19, which is a change in the law and has been designated for publication in the Federal Register.

19. The Amendment clarifies the original intent of the PREP Act Declarations, applies retroactively, and emphasizes the importance of federal jurisdiction over these issues. Specifically, as it relates to the issues before the Court, the Secretary: (i) "Makes explicit in Section IX that **there can be situations where not administering a covered countermeasure to a particular individual can fall within the PREP Act and this Declaration's liability protections";** and (ii) "Makes explicit in Section XI that there are substantial federal legal and policy issues, and substantial federal legal and policy interests, in having a unified whole-of-nation response to the COVID-19 pandemic among federal, state, local, and private-sector entities." *Amendment* at p. 4.

20. Therefore, not only would Plaintiff's active allegations of negligent conduct fall within the purview of the PREP Act, but any and all allegations of Defendant's failure to act would be included therein pursuant to the Amendment noted above.

21. Plaintiff's Complaint makes numerous allegations involving supposed failures of Defendant related to a Covered Countermeasure including:

(a)  failure to immediately notify the authorities, staff, residents and relatives of the potential dangers of COVID-19 and of the COVID-19 positive cases at the facility;

(b)  failure to provide staff, residents, and their families with consistent updates and communication regarding the risk of COVID-19 and of COVID-19 positive cases at the facility;

(c)  failure to prevent asymptomatic staff who had been exposed to COVID-19 from continuing to work at the facility and interacting with the residents;

(d)  failure to be forthcoming and adequately share information regarding the outbreak at the facility with employees, residents and their relatives;

(e)  failure to implement an adequate emergency preparedness and response program and plan in place to keep residents safe from emerging infectious diseases like COVID-19;

(f)  failure to implement an adequate system for preventing, identifying, reporting, investigating and controlling infections and communicable diseases for all residents and staff;

(g)  failure to have adequate management oversight;

(h)  failure to do adequate testing for COVID-19 once testing was available;

(i)  failure to keep symptomatic residents quarantined from the population;

(j)  failure to have adequate procedures in place in which to quarantine asymptomatic residents;

(k)  failure to provide adequate staff in number and training;

(l)  failure to supply proper masks and gowns for weeks and forcing staff to reuse PPE (Personal Protective Equipment) causing many staff members to resort to providing their own

homemade facial coverings not medical graded to protect against the virus;

(m) failure to implement widespread safety precautions, such as having available adequate staff and equipment, so as to prevent the risk of injury or death during an emergency such as a pandemic;

(n) failure to follow and/or adhere to the standards and protocols set out by the CDC and other state and local authorities related to infection control and prevention;

(o) failure to comply with the facilities own Policies and Procedures with regard to infection control;

(p) failure to implement safety protocols, such as disinfecting many common areas, to minimize the spread of the virus;

(q) failure to increase the frequency and rigor of cleaning and sanitizing common community areas;

(r) failure to provide the basic cleaning practices pursuant to the resident's contract with the facility; and

(s) failure to follow Federal Guidelines with regard to COVID-19.

Complaint, ¶13(a)-(s).

22. Clearly, the Complaint specifically critiques the manner in which Defendant allocated and administered PPE as well as efforts taken to and devices used to mitigate the transmission of COVID-19, which triggers application of the PREP Act. *See* Complaint, ¶13. Moreover, each PREP Act declaration is uniquely tailored to address the specific crisis or emergency to which a response is required.

23.    The General Counsel for the United States Department of Health &
Human Services, Robert Charrow, in Advisory Opinion 21-01 on the
Public Readiness and Emergency Preparedness Act Scope of
Preemption Provision  ("Advisory Opinion") published additional
information on the scope of the PREP Act.  A copy of the Advisory
Opinion is attached hereto as Exhibit "B".

24.    The January 8, 2021 Advisory Opinion states, in part:

> Following the issuance by the Secretary on December
> 3, 2020, of the Fourth Amendment to his Declaration
> Under the Public Readiness and Emergency
> Preparedness Act for Medical Countermeasures
> Against COVID-19, we received questions as to
> whether the PREP Act applies where a covered person
> declined to use a covered countermeasure when it
> arguably ought to have been used.  *See* 85 Fed. Reg.
> 79, 190 (Dec. 9, 2020).   These inquiries were
> stimulated, as we understand, by a spate of recent
> lawsuits, most involving nursing homes and other
> healthcare facilities, where patients or their estates
> allege that patients contracted COVID-19 because the
> facility, among other things, failed to provide its staff
> with personal protective equipment ("PPE"), failed to
> teach the staff how to properly use that equipment, or
> failed to ensure that its staff used the PPE that it had
> been given.  This Advisory Opinion addresses these
> questions in the context of our administration of the
> PREP Act and the Secretary's PREP Act Declaration,
> as amended.

*See* Exhibit B, p. 1.

25.   Here, Defendant is a "covered person" in that Defendant is both a "qualified person" and "program planner" under 42 U.S.C.A. § 247d-6d(i)(2)(B).

26.   Plaintiff's claim for loss "arises out of, relates to, or results from" the administration and/or use of a "covered countermeasure" obtained through a "means of distribution," to a "population," and within a "geographic area," or reasonably believed so by Defendant, for the purpose of treating, diagnosing, curing, preventing, or mitigating COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom, as such terms are defined within the Public Readiness and Emergency Preparedness Act (PREP Act), 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020), the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (Mar. 17, 2020), *amended by* 85 Fed. Reg. 21012 (Apr. 15, 2020), and all corresponding amendments, regulations, and interpretational case law.

27.   At the time of the allegations set forth in the Complaint, Defendant was acting as a "program planner" that supervised and/or administered the infection control and COVID-19 specific programs in the treatment of

COVID-19 patients, under which countermeasures, including, but not limited to, the use of facemasks and other personal protective equipment, visitation restrictions, and screening requirements at the Facility while the decedent was admitted in an effort to prevent or mitigate the spread of COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom.

28. Likewise as that time, Defendant and its staff was also acting as "qualified persons." The Bristol at Tampa Rehabilitation and Nursing Center is licensed as a skilled nursing facility by the Florida Agency for Health Care Administration and employs licensed nursing personnel for the purpose of developing and implementing policies, procedures, and other countermeasures to prevent, limit, and/or control the spread of COVID-19. *See* 42 U.S.C. § 247d-6d(i)(8); 85 Fed. Reg. 15198, 15202-15203 (Mar. 17, 2020). Likewise, Defendant's staff members include Registered Nurses and Licensed Practical Nurses licensed in the state of Florida and are therefore "covered persons" authorized to administer FDA-approved COVID-19 devices, tests, and medications used to treat the same. Defendant's staff implemented certain countermeasures in relation to COVID-19, including, but not limited to, the use of personal protective equipment, visitation restrictions, and

screening requirements. Under the FDA's Emergency Use Authorization dated April 24, 2020, facemasks were authorized under an umbrella authorization when used by healthcare providers to cover their noses and mouths in accordance with Centers for Disease Control and Prevention recommendations.

29.     At the time of the allegations set forth in the Complaint, Defendant was engaged in both the management and operation of countermeasure programs, including infection control programs featuring visitation restrictions and screening requirements, and the administration and/or use of countermeasures to prevent and/or mitigate COVID-19 or the transmission of SARS-CoV-2 or a virus mutating therefrom to a "population" and within a "geographic area" specified by the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (Mar. 17, 2020), and all amendments thereto, or reasonably believed so by Defendant. For example, facemasks used to prevent or mitigate the spread of COVID-19 are qualified pandemic or epidemic products, as defined by 42 U.S.C.A. § 247d-6d(i)(7), as a device used, designed, and developed to mitigate or prevent the spread of COVID-19 and were authorized for emergency use in accordance with section

564, 564A, or 564B of the Federal Food, Drug, and Cosmetic Act. Additionally, the facemasks were administered and/or used in accordance with the public health and medical response of the State of Florida or reasonably believed so by Defendant.  Plaintiff's claim for loss "arises out of, relates to, or results from" the administration and/or use of such "covered countermeasure."

30. Therefore, Plaintiff's Complaint invokes a federal question for which the governing federal law "completely preempts" Plaintiff's state law claims, and removal is proper under 28 U.S.C.A. § 1441(a).

**WHEREFORE**, having shown that this case is properly removable, Defendant provides notice pursuant to 28 U.S.C.A. § 1446 that the Action pending in State Court of Hillsborough County Florida, Civil Action No. 20-CA-008408 is removed to the United States District Court for the Middle District and respectfully requests that this Court exercise jurisdiction over this case.

Respectfully submitted this 25th day of **March, 2021**.

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

*/s/ Kimberly A. Potter*
_____
**LEANNE DAVIS HOSKINS, ESQ.**
Florida Bar No.:  0109668

leanne.hoskins@qpwblaw.com.
**BRANDON C. SZYMULA, ESQ.**
Florida Bar No.: 0098803
Brandon.Szymula@qpwblaw.com
**KIMBERLY A. POTTER, ESQ.**
Florida Bar No.: 0480118
kimberly.potter@qpwblaw.com
1410 N. Westshore Boulevard, Suite 200
Tampa, Florida 33607
Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following parties of record below and by depositing a true copy of the same in the U.S. Mail, with adequate postage affixed thereon, addressed as follows:

Brian Thompson, Esq.
Morgan & Morgan Tampa, P.A.
201 North Franklin Street, Seventh Floor,
Tampa, Florida 33602

Respectfully submitted this **25th** day of **March, 2021.**

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

*/s/ Brandon C. Szymula*

_____

**LEANNE DAVIS HOSKINS, ESQ.**
**BRANDON C. SZYMULA, ESQ.**
**KIMBERLY A. POTTER, ESQ.**
Attorneys for Defendant