Filing # 121970566 E-Filed 02/24/2021 10:50:43 AM

IN THE CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

Estate of RUTH M. TURNER, by and through
MONIQUE TURNER, Executor de son Tort,

      Plaintiff,

                CASE NO.:    21-CA-001644

vs.              DIVISION :    C

THE BRISTOL AT TAMPA REHABILITATION AND
NURSING CENTER, LLC.

      Defendant.
_____/

### COMPLAINT

Plaintiff, Estate of RUTH M. TURNER, by and through MONIQUE TURNER,

Executor de son Tort, and by and through undersigned counsel, hereby sues

Defendant, THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER,

LLC, and alleges:

### JURISDICTION, PARTIES, AND VENUE ALLEGATIONS

1.    This is an action for damages that exceeds the sum of THIRTY THOUSAND

DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated

value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by

this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the

"estimated amount of the claim" as required in the preamble to the civil cover sheet for

*jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated

"amount of claim" be set forth in the civil cover sheet for data collection and clerical

purposes only). The actual value of Plaintiff's claim will be determined by a fair and just

jury in accordance with Article 1, Section 21, Fla. Const.

2.      On June 6, 2018, RUTH M. TURNER was admitted to The Bristol at Tampa Rehabilitation and Nursing Center, 1818 East Fletcher Avenue, Tampa, Hillsborough County, Florida, and remained until her discharge on May 7, 2020.  RUTH M. TURNER died on May 17, 2020.

3.      Plaintiff, MONIQUE TURNER, is the Executor de son Tort of the estate of RUTH M. TURNER.

4.      The Bristol at Tampa Rehabilitation and Nursing Center is a fictitious name owned by Defendant, THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC.

5.      Defendant, THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC, is a Florida Limited Liability Company.

6.      Defendant, THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC conducted and engaged in business activities within the State of Florida; engaged in substantial and not isolated activities within the State of Florida; and purposely availed itself of the privileges of the State of Florida, through its ownership of, leasing of, operation of, management of, and/or consultation with nursing homes, including The Bristol at Tampa Rehabilitation and Nursing Center, within the State of Florida. Accordingly, pursuant to Florida Statute §48.193, THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC is subject to the jurisdiction of the courts of the State of Florida.

7.      THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC committed tortious acts against RUTH M. TURNER in the State of Florida.  Accordingly,

pursuant to Florida Statute §48.193(1)(b), THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC is subject to the jurisdiction of the courts of the State of Florida.

8.    THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC is a licensee that operated The Bristol at Tampa Rehabilitation and Nursing Center during RUTH M. TURNER's residency and as such owed a duty to RUTH M. TURNER to exercise reasonable care in  its operation according to §400.023(1), Florida Statutes.

9.    Plaintiff has performed all conditions precedent to commencement of this action.

**COUNT I**
**NEGLIGENCE CLAIM AGAINST**
**THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC**

10.    Plaintiff hereby realleges Paragraphs 1 through 9 above.

11.    The acts and omissions of Defendant, THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC, as set forth herein, constitute violations of the residents' rights of RUTH M. TURNER, pursuant to Florida Statute 400.022.

12.    Defendant owed a duty to RUTH M. TURNER to properly hire, retain and supervise nurses on Defendant's staff and to ensure that any such licensed nurses exercised care consistent with the prevailing professional standard of care for a nurse.

13.    Notwithstanding the responsibility of the Defendant to provide RUTH M. TURNER with reasonable care, Defendant failed to act reasonably in the care of RUTH M. TURNER by:

a) Failure to immediately notify the authorities, staff, residents and relatives of the potential dangers of COVID-19 and of the COVID-19 positive cases at the facility.

b) Failure to provide staff, residents, and their families with consistent updates and communication regarding the risk of COVID-19 and of COVID-19 positive cases at the facility.

c) Failure to prevent asymptomatic staff who had been exposed to COVID-19from continuing to work at the facility and interacting with the residents.

d) Failure to be forthcoming and adequately share information regarding the outbreak at the facility with employees, residents and their relatives.

e) Failure to implement an adequate emergency preparedness and response program and plan in place to keep residents safe from emerging infectious diseases like COVID-19.

f) Failure to implement an adequate system for preventing, identifying, reporting, investigating and controlling infections and communicable diseases for all residents and staff.

g) Failure to have adequate management oversight.

h) Failure to do adequate testing for COVID-19 once testing was available.

i) Failure to keep symptomatic residents quarantined from the population.

j) Failure to have adequate procedures in place in which to quarantine asymptomatic residents.

k) Failure to provide adequate staff in number and training.

l) Failure to supply proper masks and gowns for weeks and forcing staff to reuse PPE (Personal Protective Equipment) causing many staff members to resort to providing their own homemade facial coverings not medical graded to protect against the virus.

m) Failure to implement widespread safety precautions, such as having available adequate staff and equipment, so as to prevent the risk of injury or death during an emergency such as a pandemic.

n) Failure to follow and/or adhere to the standards and protocols set out by the CDC and other state and local authorities related to infection control and prevention.

o) Failure to comply with the facilities own Policies and Procedures with regard to infection control.

p) Failure to implement safety protocols, such as disinfecting many common areas, to minimize the spread of the virus.

q) Failure to increase the frequency and rigor of cleaning and sanitizing common community areas.

r) Failure to provide the basic cleaning practices pursuant to the resident's contract with the facility.

s) Failure to follow Federal Guidelines with regard to COVID-19.

More specifically, Ruth M. Turner, 80, was admitted to The Bristol at Tampa Rehabilitation and Nursing Center on June 6, 2018 for due to Alzheimer's Disease.

During her admission the facility failed to take necessary precautions to prevent Ms. Turner from being exposed to residents and care givers who were known to be positive for the COVID-19. Additionally, they failed to test employees timely and to provide proper PPEs. Consequently, on 05/03/2020 Ms. Turner tested positive for the COVID-19 and was transferred to AdventHealth Tampa.

14.    Defendant' breach of the duties owed to Plaintiff as set forth herein was the legal cause of loss, injury and damages suffered by RUTH M. TURNER which included COVID19.

15.    As a direct and proximate result of Defendant's negligent acts and omissions, RUTH M. TURNER suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition.

WHEREFORE, Plaintiff, Estate of RUTH M. TURNER, demands judgment against the Defendant, THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC, for damages, general and special, for the deprivation of RUTH M.

TURNER's rights as stated above, and further demands a trial by jury, costs, and further relief as this Court deems appropriate.

## COUNT II
### Wrongful Death Claim Against
### THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC

16.    Plaintiff incorporates Paragraphs 1 through 9 above.

17.    At all times material hereto, The Bristol at Tampa Rehabilitation and Nursing Center held itself out as a full-service nursing home capable of providing a full complement of nursing staff and other attendant facilities equipped to care for the needs of residents such as RUTH M. TURNER.

18.    Defendant, THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC, owed a duty to residents, including RUTH M. TURNER, to hire, train and supervise employees so that such employees delivered care and services to residents in a safe and beneficial manner.

19.    Defendant owed a duty to residents, including RUTH M. TURNER, to care for and treat them according to accepted professional standards of care for similarly situated nursing homes.

20.    That notwithstanding such duty, Defendant fell below the prevailing professional standard of care by its actions and omissions, which include but are not limited to the following:

   a) Failure to immediately notify the authorities, staff, residents and relatives of the potential dangers of COVID-19 and of the COVID-19 positive cases at the facility.

   b) Failure to provide staff, residents, and their families with consistent updates and communication regarding the risk of COVID-19 and of COVID-19 positive cases at the facility.

c) Failure to prevent asymptomatic staff who had been exposed to COVID-19from continuing to work at the facility and interacting with the residents.

d) Failure to be forthcoming and adequately share information regarding the outbreak at the facility with employees, residents and their relatives.

e) Failure to implement an adequate emergency preparedness and response program and plan in place to keep residents safe from emerging infectious diseases like COVID-19.

f) Failure to implement an adequate system for preventing, identifying, reporting, investigating and controlling infections and communicable diseases for all residents and staff.

g) Failure to have adequate management oversight.

h) Failure to do adequate testing for COVID-19 once testing was available.

i) Failure to keep symptomatic residents quarantined from the population.

j) Failure to have adequate procedures in place in which to quarantine asymptomatic residents.

k) Failure to provide adequate staff in number and training.

l) Failure to supply proper masks and gowns for weeks and forcing staff to reuse PPE (Personal Protective Equipment) causing many staff members to resort to providing their own homemade facial coverings not medical graded to protect against the virus.

m) Failure to implement widespread safety precautions, such as having available adequate staff and equipment, so as to prevent the risk of injury or death during an emergency such as a pandemic.

n) Failure to follow and/or adhere to the standards and protocols set out by the CDC and other state and local authorities related to infection control and prevention.

o) Failure to comply with the facilities own Policies and Procedures with regard to infection control.

p) Failure to implement safety protocols, such as disinfecting many common areas, to minimize the spread of the virus.

q) Failure to increase the frequency and rigor of cleaning and sanitizing common community areas.

r) Failure to provide the basic cleaning practices pursuant to the resident's contract with the facility.

s) Failure to follow Federal Guidelines with regard to COVID-19.

More specifically, Ruth M. Turner, 80, was admitted to The Bristol at Tampa Rehabilitation and Nursing Center on June 6, 2018 for due to Alzheimer's Disease.

During her admission the facility failed to take necessary precautions to prevent Ms. Turner from being exposed to residents and care givers who were known to be positive for the COVID-19. Additionally, they failed to test employees timely and to provide proper PPEs. Consequently, on 05/03/2020 Ms. Turner tested positive for the COVID-19 and was transferred to AdventHealth Tampa.

Ruth M. Turner died on 05/17/2020, the cause of death was listed as Acute Hypoxemic Respiratory Failure, Viral Pneumonia and Coronvirus Disease (COVID-19.)

21.     Defendant's breach of the duties owed to Plaintiff as set forth herein was the

legal cause of loss, injury and damages suffered by RUTH M. TURNER which included

COVID19 and death.

22.     As a direct and proximate result of the Defendant's acts and omissions, RUTH M.

TURNER died on May 17, 2020.

23.     As a direct and proximate result of the Defendant's acts omissions, and the

above-described deviations from the prevailing professional standard of care by

Defendant, which resulted in the death of RUTH M. TURNER, the estate of RUTH M.

TURNER has incurred extensive medical, nursing, funeral and other expenses.

24.     RUTH M. TURNER died with surviving daughters, Monique Yolander Turner,

f/k/a Monique Turner-Lopez, and Pamela Rene Clay, who are potential beneficiaries of

a recovery for wrongful death.

25.     As a result of the death of RUTH M. TURNER, Monique Yolander Turner, f/k/a

Monique Turner-Lopez, and Pamela Rene Clay suffered the loss of support and

services and will suffer such losses in the future.  Monique Yolander Turner, f/k/a

Monique Turner-Lopez, and Pamela Rene Clay also suffered the loss of companionship

and protection, mental pain and suffering, and incurred funeral and burial expenses.

26.     MONIQUE TURNER is the Executor de son Tort of the Estate of RUTH M.

TURNER.  On behalf of the Estate of RUTH M. TURNER, MONIQUE TURNER seeks

recovery of medical and funeral expenses chargeable to the Estate.

WHEREFORE, Plaintiff, the Estate of RUTH M. TURNER, demands judgment

against the Defendant, THE BRISTOL AT TAMPA REHABILITATION AND NURSING

CENTER, LLC, for damages, general and special, for the deprivation of RUTH M.

TURNER's rights as stated above, and further demands a trial by jury, costs, and further

relief as this Court deems appropriate.

Brian L. Thompson, Esquire
Florida Bar No. 972967
Morgan & Morgan, Tampa, P.A.
201 N. Franklin St., 7th Floor
Tampa, FL 33602
**PO BOX 530244, Atlanta, GA 30353-9800**
813/223-5505 // 813/222-2424 Fax
BThompson@ForThePeople.com
CBuckingham@ForThePeople.com
Attorneys for Plaintiff