IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

**ESTATE OF RUTH M. TURNER BY AND**
**THROUGH MONIQUE TURNER, EXECUTOR**
**DE SON TORT**
Plaintiff(s)                                     Case No.: **21-CA-001644**
vs
**THE BRISTOL AT TAMPA REHABILITATION**
**AND NURSING CENTER, LLC**                      Division C
Defendant(s)

*#10018*
*R.Q 3-5-2021*
*12:40 pm*

**SUMMONS**

**THE STATE OF FLORIDA**:
To Each Sheriff of the State:

   **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on defendant(s)

   **THE BRISTOL AT TAMPA REHABILITATION AND NURSING**
   **CENTER, LLC**
   **c/o Interstate Agent Services LLC RA**
   **100 SW 2nd Street Suite 2000 #209**
   **Miami FL  33131**

   Each defendant is required to serve written defenses to the complaint or petition on BRIAN L THOMPSON , plaintiff's attorney, whose address is **MORGAN & MORGAN PA   201 N FRANKLIN ST FL 7   TAMPA FL 33602** within 20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

**DATED** on February 24, 2021.
Attorney: BRIAN L THOMPSON
Attorney For: ESTATE OF RUTH M. TURNER
BY AND THROUGH MONIQUE TURNER,
EXECUTOR DE SON TORT
Address: MORGAN & MORGAN PA
201 N FRANKLIN ST FL 7
TAMPA FL  33602

CINDY STUART
CLERK OF THE CIRCUIT COURT

21-CA-001644 2/26/2021 12:42:37

CINDY STUART, CLERK

Florida Bar No: 972967

Prepared By:Elgin Welch, Deputy Clerk
P.O. Box 3360                  800 E Twiggs St
Tampa, FL 33601                Room 101
                               Tampa FL 33602

(813)276-8100

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con el Coordinador de ADA, Hillsborough County Courthouse, 800 E. Twiggs St., Sala 604, Tampa, Florida 33602, (813) 272-7040, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal

Electronically Filed: Hillsborough County / 13th Judicial Circuit

entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter le coordinateur de l'ADA Hillsborough County Courthouse, 800 E. Twiggs St., Salle 604, Tampa, Florida 33602, (813) 272-7040, au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prevue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.**

## Enpòtan

Pwosedi legal yo te pran kont ou. Ou gen 20 jou konsekitif ki soti nan dat konklizyon sa a pou ou ranpli yon repons alekri pou plent sa a nan tribinal sa a. Yon apel telefon ki senp se pa ase pou pwoteje ou. Ou oblije ranpli repons alekri ou a, ak nimewo a dosye pi wo a ak non pati yo ki te nonmen isit la, si ou vle tribinal la tande ka w la. Si ou pa ranpli repons alekri ou nan rele egzije a, ou riske pedi koz la ak sale ou, lajan ou, ak pwopriyete ou yo ka mete men sou pita, san okenn lot avi nan tribinal la. Gen lot obligasyon legal epi ou ka mande sevis imedya yon avoka. Si ou pa konnen yon avoka, ou ka rele yon sèvis referans avoka oswa yon biwo ed legal (ki nan lis nan anye telefon).

Si ou chwazi pou ou soumet yon repons alekri tet ou, ou pral bezwen tou voye oswa voye yon kopi repons ekri ou nan fòm sa a an menm tan an tankou fomalite sa a "Avoka Pleyan/Pwokire a" (Pleyan oswa avoka li) non anba a.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte Hillsborough County Courthouse, 800 E. Twiggs St., Sal 604, Tampa, Florida 33602, (813) 272-7040, Kòdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan Hillsborough County Courthouse, 800 E. Twiggs St., Sal 604, Tampa, Florida 33602, (813) 272-7040, fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**

Filing # 121970566 E-Filed 02/24/2021 10:50:43 AM

IN THE CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

Estate of RUTH M. TURNER, by and through
MONIQUE TURNER, Executor de son Tort,

      Plaintiff,

                CASE NO.:    21-CA-001644

vs.                DIVISION :    C

THE BRISTOL AT TAMPA REHABILITATION AND
NURSING CENTER, LLC.

      Defendant.
_____/

### COMPLAINT

Plaintiff, Estate of RUTH M. TURNER, by and through MONIQUE TURNER,

Executor de son Tort, and by and through undersigned counsel, hereby sues

Defendant, THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER,

LLC, and alleges:

### JURISDICTION, PARTIES, AND VENUE ALLEGATIONS

1.    This is an action for damages that exceeds the sum of THIRTY THOUSAND

DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated

value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by

this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the

"estimated amount of the claim" as required in the preamble to the civil cover sheet for

*jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated

"amount of claim" be set forth in the civil cover sheet for data collection and clerical

purposes only). The actual value of Plaintiff's claim will be determined by a fair and just

jury in accordance with Article 1, Section 21, Fla. Const.

2.      On June 6, 2018, RUTH M. TURNER was admitted to The Bristol at Tampa Rehabilitation and Nursing Center, 1818 East Fletcher Avenue, Tampa, Hillsborough County, Florida, and remained until her discharge on May 7, 2020.  RUTH M. TURNER died on May 17, 2020.

3.      Plaintiff, MONIQUE TURNER, is the Executor de son Tort of the estate of RUTH M. TURNER.

4.      The Bristol at Tampa Rehabilitation and Nursing Center is a fictitious name owned by Defendant, THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC.

5.      Defendant, THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC, is a Florida Limited Liability Company.

6.      Defendant, THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC conducted and engaged in business activities within the State of Florida; engaged in substantial and not isolated activities within the State of Florida; and purposely availed itself of the privileges of the State of Florida, through its ownership of, leasing of, operation of, management of, and/or consultation with nursing homes, including The Bristol at Tampa Rehabilitation and Nursing Center, within the State of Florida. Accordingly, pursuant to Florida Statute §48.193, THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC is subject to the jurisdiction of the courts of the State of Florida.

7.      THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC committed tortious acts against RUTH M. TURNER in the State of Florida.  Accordingly,

pursuant to Florida Statute §48.193(1)(b), THE BRISTOL AT TAMPA

REHABILITATION AND NURSING CENTER, LLC is subject to the jurisdiction of the

courts of the State of Florida.

8.      THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC is

a licensee that operated The Bristol at Tampa Rehabilitation and Nursing Center during

RUTH M. TURNER's residency and as such owed a duty to RUTH M. TURNER to

exercise reasonable care in  its operation according to §400.023(1), Florida Statutes.

9.      Plaintiff has performed all conditions precedent to commencement of this action.

**COUNT I**
**NEGLIGENCE CLAIM AGAINST**
**THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC**

10.     Plaintiff hereby realleges Paragraphs 1 through 9 above.

11.     The acts and omissions of Defendant, THE BRISTOL AT TAMPA

REHABILITATION AND NURSING CENTER, LLC, as set forth herein, constitute

violations of the residents' rights of RUTH M. TURNER, pursuant to Florida Statute

400.022.

12.     Defendant owed a duty to RUTH M. TURNER to properly hire, retain and

supervise nurses on Defendant's staff and to ensure that any such licensed nurses

exercised care consistent with the prevailing professional standard of care for a nurse.

13.     Notwithstanding the responsibility of the Defendant to provide RUTH M.

TURNER with reasonable care, Defendant failed to act reasonably in the care of RUTH

M. TURNER by:

a) Failure to immediately notify the authorities, staff, residents and relatives of the potential dangers of COVID-19 and of the COVID-19 positive cases at the facility.

b) Failure to provide staff, residents, and their families with consistent updates and communication regarding the risk of COVID-19 and of COVID-19 positive cases at the facility.

c) Failure to prevent asymptomatic staff who had been exposed to COVID-19from continuing to work at the facility and interacting with the residents.

d) Failure to be forthcoming and adequately share information regarding the outbreak at the facility with employees, residents and their relatives.

e) Failure to implement an adequate emergency preparedness and response program and plan in place to keep residents safe from emerging infectious diseases like COVID-19.

f) Failure to implement an adequate system for preventing, identifying, reporting, investigating and controlling infections and communicable diseases for all residents and staff.

g) Failure to have adequate management oversight.

h) Failure to do adequate testing for COVID-19 once testing was available.

i) Failure to keep symptomatic residents quarantined from the population.

j) Failure to have adequate procedures in place in which to quarantine asymptomatic residents.

k) Failure to provide adequate staff in number and training.

l) Failure to supply proper masks and gowns for weeks and forcing staff to reuse PPE (Personal Protective Equipment) causing many staff members to resort to providing their own homemade facial coverings not medical graded to protect against the virus.

m) Failure to implement widespread safety precautions, such as having available adequate staff and equipment, so as to prevent the risk of injury or death during an emergency such as a pandemic.

n) Failure to follow and/or adhere to the standards and protocols set out by the CDC and other state and local authorities related to infection control and prevention.

o) Failure to comply with the facilities own Policies and Procedures with regard to infection control.

p) Failure to implement safety protocols, such as disinfecting many common areas, to minimize the spread of the virus.

q) Failure to increase the frequency and rigor of cleaning and sanitizing common community areas.

r) Failure to provide the basic cleaning practices pursuant to the resident's contract with the facility.

s) Failure to follow Federal Guidelines with regard to COVID-19.

More specifically, Ruth M. Turner, 80, was admitted to The Bristol at Tampa Rehabilitation and Nursing Center on June 6, 2018 for due to Alzheimer's Disease.

During her admission the facility failed to take necessary precautions to prevent Ms. Turner from being exposed to residents and care givers who were known to be positive for the COVID-19. Additionally, they failed to test employees timely and to provide proper PPEs. Consequently, on 05/03/2020 Ms. Turner tested positive for the COVID-19 and was transferred to AdventHealth Tampa.

14.    Defendant' breach of the duties owed to Plaintiff as set forth herein was the legal cause of loss, injury and damages suffered by RUTH M. TURNER which included COVID19.

15.    As a direct and proximate result of Defendant's negligent acts and omissions, RUTH M. TURNER suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition.

WHEREFORE, Plaintiff, Estate of RUTH M. TURNER, demands judgment against the Defendant, THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC, for damages, general and special, for the deprivation of RUTH M.

TURNER's rights as stated above, and further demands a trial by jury, costs, and further relief as this Court deems appropriate.

## COUNT II
### Wrongful Death Claim Against
### THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC

16.     Plaintiff incorporates Paragraphs 1 through 9 above.

17.     At all times material hereto, The Bristol at Tampa Rehabilitation and Nursing Center held itself out as a full-service nursing home capable of providing a full complement of nursing staff and other attendant facilities equipped to care for the needs of residents such as RUTH M. TURNER.

18.     Defendant, THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER, LLC, owed a duty to residents, including RUTH M. TURNER, to hire, train and supervise employees so that such employees delivered care and services to residents in a safe and beneficial manner.

19.     Defendant owed a duty to residents, including RUTH M. TURNER, to care for and treat them according to accepted professional standards of care for similarly situated nursing homes.

20.     That notwithstanding such duty, Defendant fell below the prevailing professional standard of care by its actions and omissions, which include but are not limited to the following:

   a) Failure to immediately notify the authorities, staff, residents and relatives of the potential dangers of COVID-19 and of the COVID-19 positive cases at the facility.

   b) Failure to provide staff, residents, and their families with consistent updates and communication regarding the risk of COVID-19 and of COVID-19 positive cases at the facility.

c) Failure to prevent asymptomatic staff who had been exposed to COVID-19from continuing to work at the facility and interacting with the residents.

d) Failure to be forthcoming and adequately share information regarding the outbreak at the facility with employees, residents and their relatives.

e) Failure to implement an adequate emergency preparedness and response program and plan in place to keep residents safe from emerging infectious diseases like COVID-19.

f) Failure to implement an adequate system for preventing, identifying, reporting, investigating and controlling infections and communicable diseases for all residents and staff.

g) Failure to have adequate management oversight.

h) Failure to do adequate testing for COVID-19 once testing was available.

i) Failure to keep symptomatic residents quarantined from the population.

j) Failure to have adequate procedures in place in which to quarantine asymptomatic residents.

k) Failure to provide adequate staff in number and training.

l) Failure to supply proper masks and gowns for weeks and forcing staff to reuse PPE (Personal Protective Equipment) causing many staff members to resort to providing their own homemade facial coverings not medical graded to protect against the virus.

m) Failure to implement widespread safety precautions, such as having available adequate staff and equipment, so as to prevent the risk of injury or death during an emergency such as a pandemic.

n) Failure to follow and/or adhere to the standards and protocols set out by the CDC and other state and local authorities related to infection control and prevention.

o) Failure to comply with the facilities own Policies and Procedures with regard to infection control.

p) Failure to implement safety protocols, such as disinfecting many common areas, to minimize the spread of the virus.

q) Failure to increase the frequency and rigor of cleaning and sanitizing common community areas.

r)  Failure to provide the basic cleaning practices pursuant to the resident's contract with the facility.

s)  Failure to follow Federal Guidelines with regard to COVID-19.

More specifically, Ruth M. Turner, 80, was admitted to The Bristol at Tampa Rehabilitation and Nursing Center  on June 6, 2018 for due to Alzheimer's Disease.

During her admission the facility failed to take necessary precautions to prevent Ms. Turner from being exposed to residents and care givers who were known to be positive for the COVID-19. Additionally, they failed to test employees timely and to provide proper PPEs. Consequently, on 05/03/2020 Ms. Turner tested positive for the COVID-19 and was transferred to AdventHealth Tampa.

Ruth M. Turner died on 05/17/2020, the cause of death was listed as Acute Hypoxemic Respiratory Failure, Viral Pneumonia and Coronvirus Disease (COVID-19.)

21.     Defendant's breach of the duties owed to Plaintiff as set forth herein was the legal cause of loss, injury and damages suffered by RUTH M. TURNER which included COVID19 and death.

22.     As a direct and proximate result of the Defendant's acts and omissions, RUTH M. TURNER died on May 17, 2020.

23.     As a direct and proximate result of the Defendant's acts omissions, and the above-described deviations from the prevailing professional standard of care by Defendant, which resulted in the death of RUTH M. TURNER, the estate of RUTH M. TURNER has incurred extensive medical, nursing, funeral and other expenses.

24.     RUTH M. TURNER died with surviving daughters, Monique Yolander Turner, f/k/a Monique Turner-Lopez, and Pamela Rene Clay, who are potential beneficiaries of a recovery for wrongful death.

25.     As a result of the death of RUTH M. TURNER, Monique Yolander Turner, f/k/a Monique Turner-Lopez, and Pamela Rene Clay suffered the loss of support and

services and will suffer such losses in the future.  Monique Yolander Turner, f/k/a

Monique Turner-Lopez, and Pamela Rene Clay also suffered the loss of companionship

and protection, mental pain and suffering, and incurred funeral and burial expenses.

26.    MONIQUE TURNER is the Executor de son Tort of the Estate of RUTH M.

TURNER.  On behalf of the Estate of RUTH M. TURNER, MONIQUE TURNER seeks

recovery of medical and funeral expenses chargeable to the Estate.

WHEREFORE, Plaintiff, the Estate of RUTH M. TURNER, demands judgment

against the Defendant, THE BRISTOL AT TAMPA REHABILITATION AND NURSING

CENTER, LLC, for damages, general and special, for the deprivation of RUTH M.

TURNER's rights as stated above, and further demands a trial by jury, costs, and further

relief as this Court deems appropriate.

Brian L. Thompson, Esquire
Florida Bar No. 972967
Morgan & Morgan, Tampa, P.A.
201 N. Franklin St., 7th Floor
Tampa, FL 33602
**PO BOX 530244, Atlanta, GA 30353-9800**
813/223-5505 // 813/222-2424 Fax
BThompson@ForThePeople.com
CBuckingham@ForThePeople.com
Attorneys for Plaintiff

Filing # 121970566 E-Filed 02/24/2021 10:50:43 AM

IN THE CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

Estate of RUTH M. TURNER, by and through
MONIQUE TURNER, Executor de son Tort,

     Plaintiff,

               CASE NO.:
vs.            DIVISION :

THE BRISTOL AT TAMPA REHABILITATION AND
NURSING CENTER, LLC.

     Defendant.

_____/

## DESIGNATION OF MAILING AND ELECTRONIC MAIL ADDRESSES

Plaintiff, by and through the undersigned counsel, pursuant to Florida Rule of

Judicial Administration 2.516, designate the following email addresses for electronic

service in the above-styled case:

          Primary:     BThompson@ForThePeople.com
          Secondary:  CBuckingham@ForThePeople.com
                      RPolacelli@ForThePeople.com

The mailing address is: **PO BOX 530244, Atlanta, GA 30353-9800**

I HEREBY CERTIFY that a true and correct copy of the above has been served

with the Summons and Complaint to the Defendants herein.

Brian L. Thompson, Esquire
Florida Bar No. 972967
Morgan & Morgan, Tampa, P.A.
201 N. Franklin St., 7th Floor
Tampa, FL 33602
**PO BOX 530244, Atlanta, GA 30353-9800**
813/223-5505 // 813/222-2424 Fax
BThompson@ForThePeople.com
CBuckingham@ForThePeople.com
Attorneys for Plaintiff

Filing # 121970566 E-Filed 02/24/2021 10:50:43 AM

IN THE CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

Estate of RUTH M. TURNER, by and through
MONIQUE TURNER, Executor de son Tort,

        Plaintiff,

                    CASE NO.:
vs.              DIVISION :

THE BRISTOL AT TAMPA REHABILITATION AND
NURSING CENTER, LLC.

        Defendant.

_____/

### PLAINTIFF'S NOTICE OF SERVICE OF FIRST REQUEST FOR PRODUCTION

Plaintiff, by and through the undersigned counsel, pursuant to Florida Rules of Civil

Procedure 1.350, hereby requests Defendants to produce for inspection and/or copying by

counsel for Plaintiff the documents listed below at the office of Morgan & Morgan, P.A.,

Plaintiff's attorneys, 201 N. Franklin St., 7th Floor, Tampa, Florida 33602, on or before

forty (40) days of the service of the Summons.

I HEREBY CERTIFY that a true and correct copy of the above has been served

with the Summons and Complaint to the Defendants herein.

Brian L. Thompson, Esquire
Florida Bar No. 972967
Morgan & Morgan, Tampa, P.A.
201 N. Franklin St., 7th Floor
Tampa, FL 33602
813/223-5505 // 813/222-2424 Fax
**PO BOX 530244, Atlanta, GA 30353-9800**
813/223-5505 // 813/222-2424 Fax
BThompson@ForThePeople.com
CBuckingham@ForThePeople.com
Attorneys for Plaintiff

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS
### REGARDING THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER

To preserve the privacy of residents other than RUTH M. TURNER, Defendants may delete, obliterate, or otherwise redact the names of residents other than RUTH M. TURNER from records requested in this Request for Production of Documents. Please produce the requested items and Plaintiff will reimburse you the reasonable costs of doing so.

In the event Defendant(s) assert or claim that any of the items requested to be produced herein are a subject to and protected by the attorney-client or work product privileges, then Plaintiff requests that Defendant(s) provide a privilege log specifically identifying each and every document or communication upon which a privilege is asserted or claimed, the date of such document or communication, and the nature or substance of the document or communication, pursuant to F.R.C.P. 1.280(b)(5) to enable Plaintiff and the Court to assess the applicability of the privilege.

### *PLEASE PROVIDE ALL RECORDS REQUESTED ELECTRONICALLY OR ON A CD/DVD/THUMB DRIVE. IF THE COSTS OF RE-PRODUCING THE CHART/RECORDS IS OVER $300.00 PLEASE CONTACT THE UNDERSIGNED FOR APPROVAL.*

1.     A color copy of the ORIGINAL chart for RUTH M. TURNER from THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER .

2.     Photographic copies of any and all photographs that were taken of RUTH M. TURNER at THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER .

3.     The complete administrative and/or financial file or files prepared and/or maintained by Defendants concerning RUTH M. TURNER, including the following:

    a.     All contracts between RUTH M. TURNER and Defendants, and any attachments to such contract(s), including Admission Contracts.

    b.     A complete and itemized bill for any and all services, medical supplies, pharmaceutical supplies, therapies, or any other goods or services for which the Defendants charged the resident or any third party payor on behalf of the resident while RUTH M. TURNER was a resident at the facility.

    c.     All bills or statements submitted to Medicare, or any fiscal intermediary for Medicare, for supplies, therapies, or other ancillary charges covering care, supplies, equipment, or other ancillary charges for RUTH M. TURNER.

    d.     All bills or statements submitted to RUTH M. TURNER, his/her power of attorney, guardian, or family for room and board, services, supplies, equipment, or other

items provided to RUTH M. TURNER, including co-payments or deductibles, by Defendants.

      e.    All revenue reports and/or remittance advisories that reflect reimbursement made by Medicare, Medicaid, private insurance, or any individual for room and board, services, supplies, equipment, or other items provided by Defendants to RUTH M. TURNER.

      f.    All statements, lists, or reconciliation of trust accounts reflecting funds received from RUTH M. TURNER, power of attorney, guardian, or family or held in trust for the benefit of RUTH M. TURNER.

      g.    Any and all Arbitration Agreements signed by RUTH M. TURNER or on the behalf of RUTH M. TURNER.

4.    Each and every record identified in Interrogatory #12 of Plaintiff's First Interrogatories to Defendants, including each and every form of communication book or log book used internally within the facility to communicate between any persons providing care or services to residents, which were prepared or maintained by Defendants concerning RUTH M. TURNER in any way and has not been produced in response to other requests herein.

5.    All correspondence, documents, or forms from any licensing body, including federal or state agencies, to Defendants, or from Defendants which lists any deficiencies in the maintenance or operation of the nursing home which occurred during the 2019 and 2020.

6.    Pursuant to 400.147(4) Florida Statues, please produce copies of any and all records of accidents or unusual incidents (i.e. incident reports) which describe accidents or incidents of RUTH M. TURNER occurring during the residency period.

7.    All letters or correspondence that were circulated from the Defendants to RUTH M. TURNER or RUTH M. TURNER's family from 06/06/2018 through 05/07/2020.

8.    All writings or documents in your possession reflecting any investigations conducted by state agencies concerning RUTH M. TURNER.

9.    All reports, correspondence, or other writings generated by or on behalf of any management company of, or consultant to the nursing home concerning the care and treatment of residents during the residency of RUTH M. TURNER at THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER.

10.    All charts and tables of organization including tables of organization as referred to in §59A-4.103(4)(c), which describes the lines of authority and communication at THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER and between and among the Defendants during the time that RUTH M. TURNER was a resident in the nursing home.

11.    All contracts between Defendants and all Medical Director(s) of the facility effective during the entire residency of RUTH M. TURNER.

12.    All contracts between Defendants and any management companies, consultant companies, and consultants providing services or supplies to RUTH M. TURNER during the residency of RUTH M. TURNER.

13.    All policies of insurance, including any excess insurance policies, which provides, or may provide coverage with respect to any of the allegations contained in the Plaintiff's complaint.

14.    All documentation maintained by Defendants for each employee of Defendants who provided any care or service to RUTH M. TURNER at the nursing home, including but not limited to the following information:

a)  Any and all applications for employment;

b)  Copies of any and all documentation obtained by the nursing home about the employee from any third source such as employment verification information from other employers, reports from any law enforcement or state administrative agency or any abuse reporting agency where such document is not privileged by the state or Federal law creating the abuse reporting agency;

c)  Copies of any and all licensing certification for the employee;

d)  Any and all documents which would contain disciplinary information of the employee by the nursing home, including letters of reprimand, or complaints by outside persons;

e)  Any and all documents submitted by the employee or recorded by the facility, concerning complaints registered by the employee;

f)  Any and all performance evaluations completed for the employee;

g)  Any and all forms, letters, or notes relating to termination of the employee's service at the nursing home, including writings completed by the employee or any other member of the nursing home's staff or administration.

h)  All exit interviews or employee questionnaires which are completed when employees are terminated, transferred, or when they leave the Defendants' employment for any reason.

i)  All agreements, contracts, or other documents provided to Defendants' employees and which purport to require such employees to not disclose events occurring at the facility.

15.     All documents maintained by the Defendants which record consumer, resident or employee suggestions, complaints, or concerns (i.e., suggestion box, 800 number, etc.) regarding the facility.

16.     All correspondence, documents, memoranda, emails, reports, and data compilations, that were prepared by Defendants facility management company or consultants (1) concerning facility budgeting for staffing or supplies, including any monthly budget variance reports, (2) concerning facility staffing levels, (3) concerning the care and treatment of residents at THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER , and (4) concerning resident characteristics, resident acuity levels, and facility census levels, in the 2019 and 2020.

17.     All employee/associate handbooks which were effective during the residency of THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER .

18.     All attendance logs kept for family visits and/or any other visitors of residents at RUTH M. TURNER during the calendar 2019 and 2020.

19.     All statements, evaluations, surveys, or similar documents completed by RUTH M. TURNER and/or RUTH M. TURNER's family pertaining to the residency of RUTH M. TURNER.

20.     A copy of the facility floor plan identifying specific wings set apart for residents who tested either positive or negative for COVID-19.

21.     Please provide copies and any and all reports from facility assessment systems in place for the prevention, identification, reporting, investigating and controlling communicable diseases such as COVID-19 for all residents, staff, volunteers, visitors and other individuals providing services under a contractual arrangement in accordance with §483.70(e) and that follows accepted national standards.

22.     Please provide all written standards, policies and procedures dealing with the Infection Prevention and Control Program pursuant to 42 CFR §483.80, including, but not limited to COVID-19.

23.     Please provide a copy of the facility's Infection Prevention and Control Program with regard to providing a safe, sanitary and comfortable environment, that is maintained to prevent the development and transmission of communicable diseases and infections.

24.     Please provide a list of rooms that RUTH M. TURNER was in during the admission and whether they were in specific wings that were for residents who tested either positive or negative for COVID-19.

25.     Any and all documents related to infection control, including but not limited to policies and procedures, infection control logs, infection control quality measures,

surveys, quality assurance reports and documents, incident reports, supply logs for infection control supplies (e.g., PPE facemasks, glover, etc.) and invoices and receipts for infection control supplies (e.g.. PPE, facemasks, gloves, etc.)

26.     Any and all communications to and from state or federal agencies related to infection control, including communications related to COVID-19/Coronavirus reporting pursuant to 42 CFR 483.80.

27.     Copies of any and all Preparedness Plans to Prevent the Spread of Coronavirus/Covid19 or checklists.

28.     Any and all records of communications between RUTH M. TURNER's authorized representative and the facility communicating:

     a) RUTH M. TURNER was tested for COVID-19/Coronavirus.
     b) The results of the COVID-19/Coronavirus test.
     c) That the facility quickly alerted the resident and representative, and the CDC about new COVID-19 cases.
     d) That RUTH M. TURNER was moved to a COVID-19 unit.
     e) A single confirmed infection of COVID-19 or three or more residents or staff with new onset of respiratory symptoms occurring within 72 hours of each other.

Filing # 121970566 E-Filed 02/24/2021 10:50:43 AM

IN THE CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

Estate of RUTH M. TURNER, by and through
MONIQUE TURNER, Executor de son Tort,

     Plaintiff,

                CASE NO.:
vs.           DIVISION :

THE BRISTOL AT TAMPA REHABILITATION AND
NURSING CENTER, LLC.

     Defendant.

_____/

**NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO DEFENDANTS
REGARDING THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER**

In accordance with the applicable Rules of Civil Procedure, Plaintiff has, this date,

served upon Defendants, Plaintiff's First Set of Interrogatories which are required to

answer in writing and under oath.

I HEREBY CERTIFY that a true and correct copy of the above has been served

with the Summons and Complaint to the Defendants herein.

Brian L. Thompson, Esquire
Florida Bar No. 972967
Morgan & Morgan, Tampa, P.A.
201 N. Franklin St., 7th Floor
Tampa, FL 33602
**PO BOX 530244, Atlanta, GA 30353-9800**
813/223-5505 // 813/222-2424 Fax
BThompson@ForThePeople.com
CBuckingham@ForThePeople.com
Attorneys for Plaintiff

## FIRST SET OF INTERROGATORIES

1.      What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER?

**ANSWER:**

2.      Please describe what system THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTERh ad in place during RUTH M. TURNER's residency for preventing, identifying, reporting, investigating and controlling infections and communicable diseases for all residents, staff, volunteers, visitors, and other individuals providing services under a contracted arrangement based upon the facility assessment conducted according to 423.70(2) and following accepted national standards.

**ANSWER:**

3.      Please describer what system THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER had in place during RUTH M. TURNER's residency for recording incidents identified under THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER s Infection Prevention and Control Program and the corrective actions taken by THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER.

**ANSWER:**

4.      Please identify fully each infection preventionist(s) who were responsible for THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER 's Infection Prevention and Control Program during RUTH M. TURNER's residency.

**ANSWER:**

5.     Please identify fully all individuals who were employed at THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER during the following periods of time: 06/06/2018 through 05/07/2020, state whether each individual provided any care or services to RUTH M. TURNER, and state whether each individual is currently an employee of THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER.

"Identify fully" means to state the full name, current or last known address, job title, social security number, and relationship to the plaintiff and defendants.

The purpose of this interrogatory is to identify all individuals who either witnessed or had the opportunity to witness the circumstances, events or occurrences that are relevant to the facts and issues in the instant case. This interrogatory is intended to include any caregiver or other employee, including dietary workers, laundry workers, maintenance person or any other employee whatsoever.

Due to the illegibility of initials and signatures of nurses and others, in the medical records and the illegibility of initials and lack of signatures by nurse aides, as well as due to the fact that no other identifying information of the signer is contained in the medical records (i.e., complete name, social security number, address, position, current employment status), you are hereby notified that merely referencing the medical records of RUTH M. TURNER in response to this interrogatory will constitute an inadequate answer.

Further, Defendants should be aware that this interrogatory is not simply asking for the information as it pertains to caregivers of the RUTH M. TURNER only, but is in fact asking for this information on EACH and EVERY employee of THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER during the entire residency of RUTH M. TURNER.

**ANSWER:**

6.     Please identify fully each Administrator and Director of Nursing employed by THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER during the residency of RUTH M. TURNER and state the dates of service for each.

"Identify fully" means to state the full name, current or last known address, job title, social security number, and relationship to the plaintiff and defendants.

**ANSWER:**

7.     Please identify fully each outside consultant utilized by THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER during the residency of RUTH M. TURNER, including but not limited to dietary consultant, records consultant, physical therapy consultant, nursing consultant, or pharmacy consultant.

"Identify fully" means to state the full name, current or last known address, job title, social security number, and relationship to the plaintiff and defendants.

**ANSWER:**

8.    Please identify fully each and every medical director for THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER during the residency of RUTH M. TURNER, and state the dates of service for each medical director.

"Identify fully" means to state the full name, current or last known address, job title, social security number, and relationship to the plaintiff and defendants.

**ANSWER:**

9.    Please identify fully each employment agency utilized by THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER during the residency of RUTH M. TURNER for any employment need, including but not limited to nursing, dietary, housekeeping, administration, janitorial or lawn care.  Further, please state the date(s)each agency was utilized.

"Identify fully" means to state the full name, current or last known address and type of employee provided.

**ANSWER:**

10.    Please identify fully each person believed or known by Defendants to have any knowledge concerning any of the issues of this lawsuit; and specify the subject matter about which the witness has knowledge.

"Identify fully" means to state the full name, current or last known address, job title, social security number, and relationship to the plaintiff and defendants.

**ANSWER:**

11.    Please identify, with sufficient particularity to formulate the basis of a request to produce, all records of any kind prepared and/or maintained by THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER which pertain in any way to RUTH M. TURNER, and state the name, title, and business address of the custodian of each such record.

**ANSWER:**

12.     Please identify any and all reports or data compilations that were prepared by THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER , its management company or consultants (1) concerning budgeting for staffing or supplies, including any monthly budget variance reports, at THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER , (2) concerning facility staffing levels, (3) concerning the care and treatment of residents at THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER , and (4) concerning resident characteristics, resident acuity levels, and facility census levels, in the 2019 and 2020.

**ANSWER:**

13.     Please list the date and substance of any investigation which Defendants know or believe was conducted by any governmental agency concerning RUTH M. TURNER, including, but not limited to, the Agency for Health Care Administration, Long Term Care Ombudsman, Department of Health and Rehabilitative Services, Department of Elder Affairs, or law enforcement offices, together with the name and address of the agency that conducted the investigation.

**ANSWER:**

14.     Who or what was the licensee of THE BRISTOL AT TAMPA REHABILITATION AND NURSING CENTER during the entirety of RUTH M. TURNER'S residency?  Please list the date each person or entity was a licensee.  If the licensee was a corporation, please list the exact corporation name and registered agent.  If the licensee was a general partnership, please list the exact name of the partnership as well as the names and addresses of all of the partners.  If the licensee was a limited partnership, please list the exact name of the limited partnership as well as the names and addresses of each general and limited partner.

**ANSWER:**

15.     During the residency of RUTH M. TURNER, were you covered by any policy of liability insurance, insurance reciprocal, or self-insurance trust?

            If so, for each such policy, reciprocal, or trust providing primary coverage, please state:

            a.      The exact name of the insuror, reciprocal, or trust;

            b.      The name of the insured, or insureds;

            c.      The policy of certificate number;

            d.      The effective dates of the beginning and end of the coverage;

            e.      The amount of coverage.

**ANSWER:**

16.     Please state if the defendants had a system to record consumer, resident or employee suggestions (i.e., suggestion box, 800 number, etc.) regarding the facility.  If it did, please identify, with sufficient particularity to form the basis of a request to produce, the names and types of records of consumer, resident or employee suggestions; the person or persons primarily responsible for consumer, resident or employee suggestions; and the name and business address of the records custodian who maintains the above consumer, resident or employee suggestions.

**ANSWER:**

17.     Please identify any and all statements made by or concerning RUTH M. TURNER and/or evaluations of RUTH M. TURNER pertaining to the residency of RUTH M. TURNER.

**ANSWER:**

_____
Defendant

STATE OF

COUNTY OF

BEFORE ME, the undersigned authority, personally appeared

_____, who is personally known to me or who produced

_____ as identification, and who did/did not take an oath,

and deposes and says that the foregoing is true and correct in all respects.

SWORN TO AND SUBSCRIBED before me, this _____ day of

_____, 20 _____.

_____
NOTARY PUBLIC, State of
At Large

My Commission Expires: